**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GALE REED and 266 ROUTE 46, LLC,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CAPITAL ONE BANK; UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY; and STATE OF NEW JERSEY, DIVISION OF TAXATION,**<br><br>**Defendants.** | Civ. No. 2:25-cv-18814 (WJM)<br><br>**OPINION** |

In this action for a declaratory judgment to void federal tax liens from certain real property located in New Jersey, Plaintiffs Gale Reed and 266 Route 46, LLC ("Plaintiffs") move for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c). ECF No. 12. The United States of America ("United States" or "Government") opposes the motion and moves for leave to file an amended answer. ECF No. 13. The Court decides the matter without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiffs' motion is **denied**. The Government's motion is also **denied**.

## I. BACKGROUND

At all relevant times, Gale Reed ("GR") was married to Richard Reed ("RR"). Compl. ¶ 3, ECF No. 1-1. GR and RR resided at and jointly owned 71 Pleasant Hill Road in Randolph, New Jersey (the "Residence") until August 17, 2017. *Id.* ¶ 4. RR individually owned Birch Tire, Inc. ("Birch Tire"), which originally operated out of property owned by GR and RR located at 266 Rt. 46, Rockaway, New Jersey (the "46 Property"). *Id.* ¶¶ 5, 7.

Over the course of their marriage, RR fell into debt personally and through his business and borrowed funds from GR for purposes of keeping the Birch Tire operating. *Id.* The Complaint alleges that RR defaulted on his obligations to GR and, as partial consideration to repay GR, on August 17, 2017, he signed his interests in the Residence and the 46 Property (together, the "Properties") over to GR. *Id.* ¶ 9. The Deed conveying the Residence was recorded on September 13, 2017. *Id.* ¶ 10. The Deed conveying the 46 Property was recorded on October 25, 2017. *Id.* ¶ 11. The 46 Property was transferred to Plaintiff 266 Route 46, LLC ("the LLC"), a single member New Jesey limited liability company owned and managed by GR alone. *Id.* ¶¶ 2, 12. Birch Tire ceased conducting business in July 2019. *Id.* ¶ 13.

On November 7, 2025, Plaintiffs filed suit claiming that the liens cloud Plaintiffs' titles on properties that RR does not and has not had an interest in since 2017. *Id.* ¶ 42. The

first federal lien notice against RR was filed on November 14, 2018, followed by notices on March 6, 2019, August 14, 2019, November 3, 2022, and January 31, 2023, each naming RR as the taxpayer. *Id.* ¶¶ 18–37. Thus, Plaintiffs seek to void Defendants' liens and to enjoin any future liens on those Properties. *Id.* ¶¶ 41–43. The United States filed an answer on February 3, 2026 admitting that the lien notices were filed against RR on the dates alleged and that "all the federal tax liens arise out of obligations belonging to Richard Reed." Ans. ¶¶ 18–37, 41; ECF No. 5. In the Answer, the Government did not plead any affirmative defenses but requests that the Court adjudicate that the United States has an interest in the Properties. *Id.* ¶ 42, Prayer A.

Any motion to amend the pleadings was to be filed by August 28, 2026 and fact discovery completed by September 14, 2026. April 21, 2026 Pretrial Scheduling Order ("Scheduling Order") ¶¶ 2, 16, ECF No. 7. Subsequently, the Court granted the Government's unopposed motion to extend to the discovery deadline until November 13, 2026. ECF No. 11.

Plaintiffs now move for judgment on the pleadings against the United States declaring that the federal tax liens arising from RR's liabilities do not attach to the Properties. In response, the Government contends that the transfer of RR's interests may have been fraudulent because RR knew or should have known of his unpaid tax liabilities prior to transfer of the Properties. Thus, the Government seeks to amend its Answer to add fraudulent transfer as an affirmative defense.

## II. DISCUSSION

### A. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). Motions made under Rule 12(c) are analyzed under the same standard as those made under Rule 12(b)(6). *Trendx Enters., Inc. v. All-Luminum Prods., Inc.*, 856 F. Supp. 2d 661, 664 (D.N.J. 2012). To prevail on a Rule 12(c) motion, the movant must "establish[] that there are no material issues of fact, and he is entitled to judgment as a matter of law." *Zimmerman v. Corbett*, 873 F.3d 414, 417 (3d Cir. 2017) (citation modified). "In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party." *Id.* at 417-18. The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Trendx*, 856 F. Supp. 2d at 664. In ruling on a 12(c) motion, the Court is ordinarily limited to the facts as alleged in the nonmoving party's pleadings, the exhibits attached thereto, and matters of public record. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1996). The Court may, however, look outside the pleadings and also consider "document[s] integral to or explicitly relied upon in the [pleadings]" or

any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Asbestos Prod. Liability Litig. (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016).

In opposing judgment on the pleadings, the Government argues that any transfer may have been fraudulent. Specifically, the Government claims that on March 27, 2017 (prior to when RR agreed to transfer his interest in the Properties on August 17, 2017), the Internal Revenue Service ("IRS") assessed Birch Tire with unpaid tax liabilities for the fourth quarter of 2016. *See* IRS Account Transcript, Beatriz T. Saiz Decl. ("Saiz Decl."), Ex. 3, ECF No. 13-4. On July 3, 2017, Birch Tire was again assessed unpaid taxes for the follow quarter (March 2017). *See* IRS Account Transcript, Saiz Decl., Ex. 4, ECF No. 13-5. Therefore, the Government concludes that RR knew or should have known that his business was accruing unpaid tax liabilities before he transferred his interest in the Properties and that it has consistently maintained in its Answer and during discovery, that it is investigating the transfers at issue. *See* Ans., ¶ 41 ("The United States admits that all the federal tax liens arise out of obligations belonging to Richard Reed."), Wherefore Clause ¶ A (seeking to adjudicate that the United States has an interest in the Properties); Gov.'t Resp. to Pls. First Set of Interrogatories, Saiz Decl., Ex. 2 ¶¶ 16-17 ("[D]iscovery is proceeding on whether Richard Reed's transfer of his interest in his residence and in 266 Route 46 should be considered a fraudulent transfer"). But Plaintiffs correctly contend that discovery responses and IRS transcripts are materials outside the pleadings and that the Court cannot consider on a Rule 12(c) motion without converting the motion into one for summary judgment and giving the parties a reasonable opportunity to respond.

While the Court must accept the factual allegations in the pleading as true, the Court need not accept as true Plaintiffs' legal conclusion that the federal liens arising from Richard Reed's tax liability do not attach to the Properties. *See* Compl. ¶ 42 ("All of the liens have been placed upon property which Richard Reed has no interest in and which he has not had an interest in since 2017."); Ans., ¶ 42 (denying claim). Indeed, RR's interest in the Properties is the subject of ongoing discovery. Plaintiffs have not met their burden to establish that there are no material issues of fact and that they are entitled to judgment as a matter of law. Plaintiffs' motion for judgment on the pleadings is **denied.**

B. Motion to Amend Answer

As part of its response to Plaintiffs' motion for judgment on the pleadings, the United States seeks leave to amend its Answer to expressly assert an affirmative defense based on fraudulent transfer. However, the Government's motion to amend was filed on October 5, 2026, more than a month beyond the August 28, 2026 deadline. Scheduling Order, ¶16. Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a scheduling order "may be modified only for good cause and with the judge's consent." "[W]hen a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the "good cause" standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies. A party must meet this standard before a district court considers whether the party

also meets Rule 15(a)'s more liberal standard." *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020).

The existence of "good cause" under "Rule 16(b)(4) depends in part on a plaintiff's diligence." *Id.* In assessing diligence, the Court considers "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired." *Grieco v. Philadelphia Sign Co.*, No. 24-10969, 2025 WL 2474496, at *2 (D.N.J. Aug. 28, 2025); *see, e.g., Ramos v. Walmart Inc.*, No. 21-13827, 2026 WL 1256290, at *7 (D.N.J. May 7, 2026) (affirming special master's determination that good cause existed under Rule 16(b)(4) to grant motion to amend because counsel filed motion after learning of the facts giving rise to the proposed amendment). Here, the Government highlights that its proposed amendment contains an issue that it has identified and continues to pursue in discovery. That the Government was undoubtedly aware of the conveyances between RR and GR and has maintained from the outset that it needed to investigate the nature of the transfers suggests that it possessed the knowledge needed to have timely filed a motion to amend. As noted by Plaintiffs, the Government does not identify any later-discovered facts or offer any other explanation as to why it did not plead fraudulent transfer before the deadline set forth in the Scheduling Order. *See E. Mins. & Chemicals Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000) (affirming district court's decision to deny motion to amend after deadline had expired due to unexplained delay in moving to amend). If the Government believed it needed more discovery before it could assert a fraudulent conveyance claim, it is unclear why it did not request an extension of the August 28, 2026 deadline.

The only other argument raised by the Government in support of its request to amend is that Plaintiffs have been on notice of the potential fraudulent transfer and cannot demonstrate undue prejudice. However, because the Government has not met the "good cause" standard under Rule 16(b)(4), the Court does not reach the question of whether it meets Rule 15(a)'s more liberal standard, which would focus on prejudice to Plaintiffs. *See Scott v. Vantage Corp.*, 336 F. Supp. 3d 366, 372 (D. Del. 2018) (noting that Rule 15(a) focuses on prejudice to the non-moving party in contrast to the good cause standard under Rule 16(b) which "hinges on diligence of the movant") (citation modified), *aff'd*, 845 F. App'x 170 (3d Cir. 2021). The Government's motion to amend is **denied.**

## III. CONCLUSION

For the reasons noted above, Plaintiffs' motion for judgment on the pleadings is **denied**. The Government's motion for leave to amend its answer is also **denied**.

**WILLIAM J. MARTINI, U.S.D.J.**

Date: November 16, 2026